IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS CAREY, #245 045, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-193-MHT |
| | ) | [WO] |
| CAPTAIN LOGAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 complaining that he has been subjected to unconstitutional conditions of confinement. Plaintiff names former interim Commissioner Billy Sharp and Captain Logan as defendants. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against former interim Commissioner Sharp prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. DISCUSSION**

Plaintiff names former interim Commissioner Billy Sharp as a defendant to this cause of action. Other than stating he wrote to the Commissioner "to no avail," Plaintiff makes no specific allegations of wrongdoing against this individual. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged

1

constitutional violation). Further, the complaint may not proceed against Defendant Sharp based on his supervisory position.

To the extent Plaintiff seeks to impose liability on Defendant Sharp as a result of the alleged wrongdoing by his subordinate, such claim is due to be dismissed. Supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability absent proof of actual personal involvement in the alleged wrongdoing.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); s*ee also  Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation.").  Plaintiff makes no specific allegation of constitutional violations against Defendant Sharp nor does he indicate that this individual was personally involved in the constitutional violations about which he complains.  *See Cottone*, 326 F.3d at 1360.

In light of the foregoing, Plaintiff's complaint against Defendant Sharp is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendant Sharp be DISMISSED with prejudice and prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii);

2.  Defendant Sharp be DISMISSED as a party to the complaint; and

3.  This case with respect to the remaining defendant be referred to the undersigned for further proceedings.

It is further

ORDERED that Plaintiff may file any objections to the said Recommendation on or before **April 27, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); see *also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of April, 2015.

>/s/ Wallace Capel, Jr.
>WALLACE CAPEL, JR.
>UNITED STATES MAGISTRATE JUDGE